# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DISTRICT

| | |
|---|---|
| MICHAEL DOUGLAS UNDERWOOD,    )<br>                                                           )<br>           Movant,                              )<br>                                                           )<br>     v.                                                 )<br>                                                           )<br>UNITED STATES OF AMERICA,       )<br>                                                           )<br>           Respondent.                        ) | No.   4:21-cv-1033-RWS |

## MEMORANDUM AND ORDER

This matter is before the Court upon two motions filed by movant Michael Douglas Underwood. (ECF Nos. 2 and 3). In the first motion, movant asks the Court to appoint counsel to represent him in this action because he is indigent. (ECF No. 2). The motion will be denied, without prejudice.

There is no constitutional or statutory right to appointed counsel in § 2255 proceedings. *See Pennsylvania v. Finley*, 481 U.S. 551 (1987). Instead, a court may appoint counsel in a § 2255 case if "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). *See also* 28 U.S.C. § 2255(g). If the Court conducts an evidentiary hearing, the interests of justice require the appointment of an attorney to represent a movant who qualifies to have counsel appointed under 18 U.S.C. § 3006A. Rule 8(c), Rules Governing Section 2255 Proceedings for the United States District Courts. If an evidentiary hearing is not conducted, the appointment of counsel is discretionary. *Hoggard v. Purkett,* 29 F.3d 469, 471 (8th Cir. 1994). In exercising such discretion, courts should first determine whether the movant has presented a non-frivolous claim for relief, and if he has, should then consider factors such as the legal and factual complexity of the case, the movant's ability to investigate and present his claims, and other relevant factors. *See McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997).

After considering the relevant factors, the Court finds that the appointment of counsel is unwarranted at this time. This case appears factually and legally straightforward, and movant has demonstrated his ability to present his claims and arguments to the Court. However, recognizing that circumstances may change, the Court will deny the motion for the appointment of counsel without prejudice, and will entertain future such motions, if appropriate, as this case progresses.

Movant has also filed a motion seeking leave to proceed *in forma pauperis* in this action. (ECF No. 3). However, because there is no filing fee required of a movant under the Rules Governing Section 2255 Proceedings for the United States District Courts, movant need not be granted *in forma pauperis* status in order to maintain this action. Movant's motion for leave to proceed *in forma pauperis* is therefore moot, and will be denied as such.

Accordingly,

**IT IS HEREBY ORDERED** that movant's motion to appoint counsel (ECF No. 2) is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that movant's motion for leave to proceed *in forma pauperis* (ECF No. 3) is **DENIED** as moot.

Dated this 30th day of August, 2021.

                                                RODNEY W. SIPPEL
                                                UNITED STATES DISTRICT JUDGE